```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS


SUSAN M. RODERICK-JONES,            )
                                    )
                Plaintiff,           )
                                    )
                                    )   CIVIL ACTION
v.                                   )
                                    )   No. 08-2533-KHV-GBC
                                    )
MICHAEL J. ASTRUE,                   )
Commissioner of Social Security,     )
                                    )
                Defendant.           )
_____ )
```

**REPORT AND RECOMMENDATION**

Plaintiff makes a "Motion for Judgment by brief filed" (Doc. 6), seeking review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602 and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A)(hereinafter the Act).  The court finds no error as alleged by plaintiff and recommends the decision of the Commissioner be AFFIRMED.

**I.    Background**

Plaintiff's applications for DIB and SSI were denied initially and upon reconsideration, and plaintiff requested a hearing before an Administrative Law Judge (ALJ).  (R. 14).

Plaintiff's request was granted, and plaintiff appeared at a hearing before ALJ Susan B. Blaney.  <u>Id.</u>  At the hearing plaintiff was represented by counsel, and testimony was taken from plaintiff and from a vocational expert (VE).  (R. 14, 25-50).  Thereafter, the ALJ issued a decision in which she found plaintiff has not been disabled within the meaning of the Act and regulations, and denied the applications.  (R. 14-24).

In the decision, the ALJ applied the Commissioner's sequential evaluation process, and determined plaintiff has not engaged in substantial gainful activity since the alleged onset date, and plaintiff has a combination of impairments (fibromyalgia, status/post partial removal of the thyroid, depression, and anxiety disorder) which is "severe" within the meaning of the Act.  (R. 15).  She noted that plaintiff stated she was not contending her condition meets or equals the severity of a Listed Impairment and, therefore, found that plaintiff had not met her burden at step three of the sequential evaluation process.  <u>Id.</u>

Before proceeding to step four of the process, the ALJ summarized plaintiff's testimony, the record evidence, and the medical opinions; concluded that plaintiff's allegations of symptoms are not credible; and assessed plaintiff's residual functional capacity (RFC).  (R. 15-21).  She determined that plaintiff has the capacity to "stand up to six hours in an eight

hour day (with normal breaks); can sit up to six hours in an eight hour day; can lift 20 pounds occasionally and 10 pounds frequently; but needs a sit/stand option; cannot work with the general public; and can only perform simple tasks." (R. 21).

At step four, the ALJ found plaintiff is unable to perform her past relevant work. (R. 23, finding 7). She recognized that at step five "the burden shifts to the Commissioner to show there are other jobs existing in significant numbers in the national economy that plaintiff can perform, consistent with her residual functional capacity, age, education and work experience." (R. 22). Based upon the VE's testimony, and considering plaintiff's age, education, work experience, and RFC, the ALJ determined plaintiff has been able to perform other work which exists in significant numbers in the local and national economies, and concluded that plaintiff is not disabled within the meaning of the Act. Id. The ALJ denied plaintiff's applications for benefits. (R. 23-24).

Plaintiff alleged errors in the ALJ's decision and sought review by the Appeals Council. (R. 592-99). The Council considered plaintiff's arguments, but found no reason to review the ALJ's decision, and denied review. (R. 7-9). Therefore, the ALJ's decision is the final decision of the Commissioner. Id.; Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). Plaintiff now seeks judicial review.

## II.  Legal Standard

The court's review is guided by the Act.  42 U.S.C. §§ 405(g), 1383(c)(3).  Section 405(g) provides, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but less than a preponderance, and it is such evidence as a reasonable mind might accept to support a conclusion.  Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th Cir. 2004); Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  The court may "neither reweigh the evidence nor substitute [it's] judgment for that of the agency."  White, 287 F.3d at 905 (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d).  The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  Id.

The Commissioner uses a five-step sequential process to evaluate whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920 (2007); Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004); Ray, 865 F.2d at 224.  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has severe impairments, and whether the severity of her impairments meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Id. at 750-51.  If plaintiff's impairments do not meet or equal the severity of a listing, the Commissioner assesses claimant's RFC.  20 C.F.R.

§§ 404.1520, 416.920.  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five--whether the claimant can perform her past relevant work, and whether she is able to perform other work in the economy.  Williams, 844 F.2d at 751.  In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work.  Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show other jobs in the national economy within plaintiff's capacity.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

**III. Discussion**

As a preliminary matter, the court notes that plaintiff filed her Social Security Brief as a "Motion for Judgment." (Doc. 6).  In accordance with the law of the Tenth Circuit, such a motion is not the proper vehicle for securing review of a decision of the Commissioner of Social Security.  Olenhouse v. Commodity Credit Corp., 42 F.3d 1560, 1580 (10th Cir. 1994); See also, Hamilton v. Sec'y of Health & Human Serv., 961 F.2d 1495, 1503-04 (10th Cir. 1992) (Kane, J. concurring) (writing separately to condemn use of "Motion to Affirm" in Social Security review).

Moreover, such a motion is unnecessary to secure review in this district. Judicial review of the Commissioner's orders are governed by local rule. D. Kan. Rule 83.7.1. Pursuant to that rule, plaintiff is to file a brief within forty-five days after the record is filed with the court, the Commissioner will file a brief in response within thirty days, and plaintiff may file a reply brief within fourteen days thereafter. Id. 83.7.1(d). The court will then review the Commissioner's decision.

In the CM/ECF system for electronic filing, the court has provided a means to file the requisite briefs. When an attorney is ready to file a Social Security brief on the CM/ECF system, he should sequentially select the "Civil" menu bar, select "Responses and Replies" under the "Motions, Supporting Documents, Responses, Replies & Social Security" heading, and select either "Social Security - Commissioners Response Brief," "Social Security - Plaintiffs Initial Brief," "Social Security - Plaintiffs Reply Brief," or "Social Security - Surreply Brief," as appropriate from the "Available Events" box that next appears. He should complete filing from that point. Following the correct procedure will ensure that the brief is properly docketed. No additional motions or memoranda are required. To the extent plaintiff's brief constitutes a "Motion for Judgment," the court recommends the Motion be DENIED as improperly filed.

Plaintiff claims that she has severe mental impairments and that the ALJ erred: in failing to explain why the jobs identified by the VE can be performed by plaintiff; in failing to specifically discuss plaintiff's limitations in two mental functional areas (responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting); and in failing to establish that the VE has experience with persons with conditions such as plaintiff's. (Pl. Br. 4-7); (Reply 1-3). The Commissioner argues that the ALJ properly considered plaintiff's mental impairments and considered the mental functional areas at issue and determined plaintiff has no limitations in those areas, and that determination is supported by substantial evidence in the record. (Comm'r Br. 4-10). He argues that the ALJ properly relied upon the VE's testimony in determining that there are jobs in the economy of which plaintiff is capable. Id. at 10-15.

### A. Qualification of the Vocational Expert (VE)

In the heading regarding "Point I' of her brief, plaintiff asserts the ALJ erred when he "**Failed to secure any evidence the VE has experience with persons with conditions like Jones.**" (Pl. Br. 4)(bold in original). The only argument plaintiff makes with regard to this alleged error appears on page seven of her brief. "Moreover, there is nothing in the record that this VE has any

experience with successful vocational placement of anyone suffering a condition like Jones." Id. at 7.

Plaintiff presents no authority for the proposition that a VE must have had experience with an individual with the claimant's specific impairments, or must have made a successful vocational placement of such a person to be qualified to render an opinion regarding the claimant in a particular case. The court is aware of no such requirement, and has found no support for such a proposition. The regulations provide that in determining whether plaintiff's "work skills can be used in other work and the specific occupations in which they can be used" at step five of the sequential evaluation process, the agency may use the services of a VE. 20 C.F.R. §§ 404.1566(e), 416.966(e). That is what the ALJ did here.

The record contains the resume of the VE who testified at the hearing. (R. 61-62). As the Commissioner argues, plaintiff did not object to the testimony of the VE in this case, and in fact stipulated to her qualifications to testify as an expert. (Comm'r Br. 14)(citing (R. 45)). The court finds plaintiff has waived any argument regarding the qualifications of the VE who testified here. Ninemires v. Astrue, 524 F. Supp. 2d 1331, 1341 (D. Kan. 2007)("It would be unusual indeed for a court to find an expert should be disqualified where plaintiff had conceded the expert's qualification."). Moreover, the court finds no

requirement that a VE must have experience with or must have made a successful vocational placement of an individual with the claimant's impairments in order to testify as a VE or to provide opinion evidence regarding jobs of which such an individual is capable.

### B. Specific Discussion of Basic Mental Abilities

Plaintiff quotes an extensively edited portion from Social Security Ruling (SSR) 85-15 for the proposition that when a claimant has mental impairments, the ALJ must consider plaintiff's abilities with regard to three "basic mental demands of competitive, remunerative, unskilled work:" (1) the ability to understand, carry out, and remember simple instructions; (2) the ability to respond appropriately to supervision, co-workers, and usual work situations; and (3) the ability to deal with changes in a routine work setting; and must specifically address plaintiff's ability with regard to each area on the record.[1] (Pl. Br. 4-6). Plaintiff claims the ALJ erred in failing to address the second and third basic mental demands.[2] (Pl. Br. 5-

---

[1] While plaintiff's argument is not pellucid, it is clear that plaintiff expects the discussion to be either in the decision or in the hypothetical presented to the VE. (Pl. Br. 6)("The ALJ neither mentions those items nor addresses them in her hypothetical question to the VE."); (Reply 2)(the same).

[2] Plaintiff stated that the ALJ "may have satisfied the first listed element," but "this point is not conceded." (Pl. Br. 5). However, plaintiff made no argument regarding the first basic mental demand, and has thereby waived this issue. Ambus v. Granite Bd. of Educ., 975 F.2d 1555, 1558 n.1 (10th Cir.

6); (Reply 1-2).  The Commissioner argues that the ALJ considered plaintiff's limitations with regard to mental abilities and found that plaintiff could not work with the general public and was limited to simple tasks only, and that the absence of additional mental limitations in the RFC "indicates the ALJ found no limitations in Plaintiff's ability to respond appropriately to supervisors, coworkers, and usual work situations or deal with changes in a routine work setting."  (Comm'r Br. 5)(citing (R. 15-21); and Depover v. Barnhart, 349 F.3d 563, 567 (8th Cir. 2003)).  In her reply, plaintiff argues that a required analysis cannot be addressed by avoiding it, and that Depover concerned physical impairments and did not involve "basic mental demands of competitive, remunerative, unskilled work:" as controlled by SSR 85-15.  (Reply, 2).

The court agrees with the Commissioner that the ALJ's failure to mention specific limitations in the mental abilities at issue indicates that the ALJ did not find any limitations in plaintiff's capabilities with regard to those mental abilities. First, the court does not read SSR 85-15 so restrictively as does plaintiff.  The ruling is clear that when a claimant has mental impairments, "the final consideration is whether the person can be expected to perform unskilled work," and the ALJ must make

---

1992)(issue mentioned on appeal, but not addressed, is waived), modified on other grounds on reh'g, 995 F.2d 992 (10th Cir. 1993).

that determination after considering whether plaintiff meets the basic mental demands of competitive, remunerative, unskilled work, which are the three abilities quoted by plaintiff.  SSR 85-15, 1983-1991 West's Soc. Sec. Reporting Serv., Rulings 347 (1992).  However, the ruling does not require that the ALJ illustrate her consideration of these abilities <u>on the record</u>, either in the hypothetical question presented to the VE or explicitly in the decision itself.

The court finds the opinion in <u>Depover</u> persuasive, even in the circumstances of this case.  In <u>Depover</u>, the ALJ did not include specific sitting, standing, and/or walking limitations in the RFC findings.  349 F.3d at 567.  The plaintiff argued and the court agreed that an RFC should identify functional restrictions and limitations and work-related abilities on a function-by-function basis.  <u>Id.</u>(quoting 20 C.F.R § 404.1545(b); and citing SSR 96-8p).  The court found, however, that the ALJ had made explicit RFC findings in which "all of the functions that the ALJ specifically addressed in the RFC were those in which he found a limitation, thus giving us some reason to believe that those functions that he omitted were those that were not limited."  <u>Id.</u>

As in <u>Depover</u>, the ALJ here stated plaintiff's RFC in terms of functions in which she found limitations.  (R. 21, 23).  And, she stated specific limitations in mental abilities, leading to the conclusion that she considered plaintiff's mental impairments

and limitations.  Id.("cannot work with the general public; and can only perform simple tasks").  Moreover, in the decision the ALJ explicitly discussed her evaluation of plaintiff's mental functional limitations.  (R. 15)("no limitations in activities of daily living; moderate difficulties maintaining social functioning such that she cannot work with the general public; moderate difficulties maintaining concentration, persistence, or pace such that she is limited to simple tasks only; and no periods of decompensation of extended duration as defined in the regulations.").  As in Depover, the court has carefully reviewed the record and finds that the ALJ considered the "basic mental demands of competitive, remunerative, unskilled work," and implicitly found plaintiff not limited in these functions.  Although Depover did not involve an issue relating to SSR 85-15, the court has already found that SSR 85-15 requires consideration (but not explicit discussion) of the basic mental functions at issue, and the holding of Depover is not contrary to that finding.

### C.  Failure to Explain Why the Jobs Identified by the VE Can be Performed

Plaintiff claims there is "no explanation or vocational evidence that if Jones could not perform her past work why the jobs identified by the VE can be performed."  (Pl. Br. 6).  She quotes the First Circuit case of Lancellotta v. Sec'y of Health & Human Servs., 806 F.2d 284 (1st Cir. 1986) for the proposition

-13-

that "stress" is not a characteristic of a job.  (Pl. Br. 6-7). She then argues that "simple" is not a characteristic of a job either, and therefore, the ALJ's finding that plaintiff can do simple jobs is meaningless in identifying the jobs of which plaintiff is capable.  Id.  The Commissioner argues that the ALJ properly assessed plaintiff's RFC and presented a hypothetical question to the VE containing all those limitations supported by the record evidence.  He notes that "Unskilled work is defined as work which needs little or no judgment to do <u>simple</u> duties that can be learned on the job in a short period of time."  (Commr. Br. 13)(emphasis in brief)(citing 20 C.F.R. §§ 404.1568, 416.968 (2008)).  He points out that a specific vocational preparation (SVP) of one or two corresponds to unskilled work, and that the VE testified that all of the jobs she identified had an SVP of two.  (Comm'r Br. 14)(citing SSR 00-4p; and (R. 46-47)).  He then argues that the VE is an expert with regard to employment and vocational factors which affect employment, and the ALJ is entitled to rely upon the VE's testimony regarding the ability of an individual with the RFC at issue to perform the jobs identified.  Id. at 14.  Plaintiff argues, "The VE did not address mental health issues, including symptoms vis-à-vis job requirements."  (Reply 3).

As noted above, plaintiff's claim that the ALJ did not properly consider and discuss her mental limitations is without

merit. Therefore, the ALJ was justified in using the mental limitations contained in the RFC assessment in her hypothetical questioning of the VE. The VE testified that a person with that RFC would be unable to perform any of plaintiff's past relevant work. (R. 46). The ALJ concluded, based upon that testimony, that plaintiff is unable to perform her past relevant work. (R. 23). The VE testified that a person with the RFC presented in the hypothetical question would be able to perform certain unskilled work at the light exertional level and at the sedentary exertional level. (R. 46-48). Based upon the VE testimony, the ALJ concluded that plaintiff would be able to perform work existing in significant numbers in the economy. (R. 23).

The ALJ explained the basis for his conclusions (R. 21-23), and the testimony of the VE is specifically the type of vocational evidence upon which an ALJ may rely in reaching her decision. 20 C.F.R. §§ 404.1560, 404.1566(e), 416.960, 416.966(e). Plaintiff's arguments do not require a different decision. Plaintiff's appeal to the opinion in Lancellotta misapplies that decision, and misunderstands the regulations regarding unskilled work. In Lancellotta, the ALJ found that plaintiff could work at "low-stress jobs," but made no "evaluation of Lancellotta's vocational abilities in light of his anxiety disorder." Lancellotta, 806 F.2d at 285. The court agreed with Lancellotta that "stress is not a characteristic of a

job," noted that the ALJ made no findings regarding plaintiff's ability to perform basic work-related activities, and remanded for the Commissioner to assess "Lancellotta's vocational capabilities in light of his mental impairments." Id. at 285-86. Contrary to the facts in Lancellotta and plaintiff's understanding of the decision here, the ALJ here considered and made specific findings regarding the mental limitations in work-related activities resulting from plaintiff's mental impairments. Remand is not necessary.

As plaintiff argues, "stress" is not a characteristic of a job. In appropriate circumstances, the court might agree with plaintiff that "simple" is not a characteristic of a job either. However, the ALJ did not find that plaintiff is able to perform "simple" jobs. Rather, he found that plaintiff "can only perform simple tasks." (R. 21, 23). As the Commissioner argued, the regulations define unskilled work as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. §§ 404.1568(a), 416.968(a). "Simple duties" are properly equated with "simple tasks" in the decision at issue. A proper understanding of the regulations leads one to the inevitable conclusion that the ALJ in this case was merely stating that plaintiff's mental impairments preclude her from working with the general public and limit her to performing unskilled jobs containing only simple duties. The

actual course of questioning at the ALJ hearing supports this understanding.  The ALJ told the VE that his hypothetical person could perform only simple tasks, and the VE did not ask what was meant by that limitation.  (R. 46).  Rather, she responded by citing to representative jobs of which such an individual would be capable which were all with an SVP of two (R. 46-47).

In her final argument, plaintiff stated, "The VE did not address mental health issues, including symptoms vis-à-vis job requirements."  (Reply 3).  While plaintiff is correct, she cites no authority for the proposition that a VE <u>should</u> address mental health issues or symptoms relating to job requirements.  A VE is a <u>vocational</u> expert qualified in presenting opinion testimony in response to hypothetical questions asking whether a person with certain physical or mental limitations imposed by medical impairments can perform jobs available in the economy.  20 C.F.R. §§ 404.1560, 404.1566(e), 416.960, 416.966(e).  In any case, here the ALJ properly considered and assessed plaintiff's limitations, and the VE expert responded to hypothetical questions based upon the limitations assessed.  Plaintiff has shown no error in the Commissioner's decision.

**IT IS THEREFORE RECOMMENDED** that plaintiff's "Motion for Judgment" (Doc. 6) be DENIED as improperly filed.

**IT IS FURTHER RECOMMENDED** that judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review.  <u>Morales-Fernandez v. INS</u>, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this <u>19th</u> day of August 2009, at Wichita, Kansas.

<u>s/  Gerald B. Cohn</u>
**GERALD B. COHN**
**United States Magistrate Judge**